May it please the Court, my name is David Sun, counsel for Petitioner. Your Honours, the issue in this case is whether substantial evidence supports the BIA's conclusion that Petitioner has successfully relocated to another province in China. to avoid prosecution from the family planning authorities in Fujian province. And we believe the substantial evidence does not support the BIA's conclusion, because the family planning authorities in Fujian province knew the respondent and his family had relocated to Sichuan province. They sent officials to Sichuan province to attempt to arrest Petitioner and his family and try to arrest Petitioner for forced sterilization. And Petitioner and his family had to be hiding in Sichuan province to avoid being arrested. They had to move around in Sichuan province to avoid being arrested by the family planning officials from Fujian province. Why would the Fujian population control people be pursuing him in Sichuan and the Sichuan family control enforcers were not interested? Petitioner testified during the proceedings that because only people, the Sichuan or the Fujian authorities only control people from Fujian and the Sichuan authorities were only interested in controlling their people in Fujian province. That's the opinion of the Petitioner. So it's like the Pasadena police wouldn't go into Glendale? They'd let the Glendale police take care of that? Is that what you're saying? I agree, Your Honor. This is a case in which the prosecutor is the government. And presumably all the governments in China should be interested in enforcing the family planning law in China. And that is why, according to the country condition evidence in the record, the central government of China was in the process of implementing a system to enforce the family planning law nationwide. It's like a unified system. But in this particular case, Petitioner did testify he believed that the Sichuan government was not the government that controlled the people from Fujian province. And that's the basis for the BIA's decision that Petitioner was safe in Sichuan. But the fact is the people, the government authorities from Fujian province did go to Sichuan, tried to locate Petitioner and his family, and Petitioner was not safe in Sichuan. And he was still facing persecution. That's why he eventually left Sichuan and came to the United States to seek asylum. If we were to conclude, this is for argument's sake, if we were to conclude that the BIA's determination that Mr. Xi, his well-founded fear of persecution, was not supported by substantial evidence, would the BIA have to address the issue of past persecution on Renand? Yes, Your Honor. We argued that in our brief before BIA that Petitioner suffered past persecution. But that's not our position here. Now we argue that Petitioner did establish a well-founded fear of persecution. That was found by BIA. Only he could avoid persecution by relocating to Sichuan province. So the BIA denied his application. So is he, would he be pursuing the past persecution based on the other resistance prong of the statute? The facts in this case, Your Honor, only show that the Chinese family planning authorities was actually pursuing Petitioner and his family to enforce the family planning policy. At this stage, we do not argue that Petitioner has established a past persecution. Thank you. So you would, if we were to agree with you that the BIA erred on the well-founded fear of future persecution, we would still need to remand to the BIA, to the agency, for purposes of determining whether he was persecuted for otherwise resisting the Chinese population control policies? No, Your Honor. Under Joan Wilson's ad hoc, we believe if this court found Petitioner has established a well-founded fear of future persecution, and he is automatically eligible for asylum because his fear is based on coercive public control policy in China. In that event, presumably then we would, if we agreed with that, we'd have to remand for an exercise of discretion, is that correct? We're saying that he's eligible for asylum, but isn't there a final act of discretion in granting it or not granting it? Yes, Your Honor. I believe in that case the remand should be for the immigration judge to exercise his discretion. And if he didn't get, if they didn't exercise their discretion, are there still issues of withholding of removal that weren't determined, or that there's still undetermined issues as far as that goes? Your Honor, we believe if Respondent, if Petitioner has established a well-founded fear of persecution, he is eligible for withholding of removal because the immigration judge does not have the authority or access, discretion in withholding removal case. Well, it's a higher standard. It has to be more probable than not, doesn't it, that he would be persecuted? Well-founded fear isn't enough for withholding. Yes, Your Honor. But we believe the BIA has accepted the credibility of Petitioner, and his testimony was that he would be persecuted in terms of forced sterilization if he was sent back to China. Therefore, he has established that the higher standard of burden proof. Do you want to reserve the rest of your time? Yes, Your Honor. Thank you. Thank you, Your Honor. Donald Kubion for Respondent. May it please the Court. Your Honors, past persecution is not before the Court, nor is discretion, nor is withholding, for the reasons that past persecution was not pursued in the Petitioner's opening brief, nor was withholding. And discretion was exercised by the immigration judge. It was not reviewed before the BIA, and it was not challenged in the brief here. The only issue before the Court is relocation. All right. Well, what about the how does the government respond to Mr. Z's assertion that the reason that the Fouillon officials could not find or contact him or his family was because they had been tipped off in time to evade detection? Doesn't the fact that they had to evade these officials mean that they, quote-unquote, faced harm within the meaning of 8 CFR Section 1208.13? If that's all that we have, I would agree that it would be a different case. But that's not all that we have. The Fouillon officials went there once only. It's at least 1,000 miles away. If this were another case where there had not been a successful relocation, and the government argued that, well, why can't you go to Sichuan to live, we'd be laughed out of court because there would be the presumption that because local officials down here by the ocean are interested that officials far inland would be as well. But this is a case where almost everything in the case points to a lack of further interest and to a successful relocation. You have to hunt and peck in this record to find something. Did I hunt and peck and find something, what I just mentioned? Well, as I said, Your Honor, if that's all there were. But it isn't. They never came back. There's nothing to indicate they ever inquired again. The families, or I guess in Chinese terms, the family, lived there unmolested, unprovoked, et cetera. Family planning or population control in China is implemented wholly at the local level. If that's true, why did the Fujian family planning officials go to Sichuan in the first place? That's a very good question, and I'm sure that this Court has never seen a case quite like this. Not really. We've seen many quite like this. Where they went that far to find someone? Okay. But I haven't. And at any rate, the petitioner provided the answer by evading them. And after he left, along with his father, which is quite unusual, leaving both families behind. Why is that unusual? Pardon? Why is that unusual? For the breadwinners in the family, the adult son with his family there and the adult father with his family there, the father faced only a small fine and paid far beyond that. Is this your opinion as an advocate that it's unusual, or is there some finding by the BIA or IJ that this was unusual? It's my opinion. Well, that's not really relevant to your personal opinion isn't really relevant to the decision. I was trying to make the point that it is an unusual case, and I won't make it further. Indeed, I've been asked, quite frankly, by some judges on occasion, were the cases unusual? But at any rate, moving on, with the one exception that one member of the panel has pointed out, there's really nothing else to look at. There's nothing else. There is nothing to indicate that the relocation wasn't successful. Nothing further has been proffered to have happened after he left and before the evidentiary hearing or beyond that. The issue is will they come back. Is that right? Pardon? The issue is will they come back? Will the Fujian? Well, yes, I guess it could be. Is that the question? Because they came once and seem to have given up. And there's a presumption since it's government persecution that it's nationwide. And then the question is, has the government, by a preponderance of the evidence, established that the problems are all done with? Yes, Your Honor. And that's why the board amplified the back finder's finding that they had successfully relocated by expanding on the reasonableness of the finding. Well, we have to credit the fact that they came looking for them and that they left because someone had tipped them off, right? Because the petitioner was found credible. Yes. So we have to credit that. So the relevant inquiry under 1208.13 is whether the applicant would face other serious harm in the place of suggested relocation, right? Yes. If we don't agree, if we feel that the record compels a contrary conclusion and we don't agree with you, and this has to be remanded, and this is for ‑‑ I'm stating this hypothetically. I was somewhat confused by the petitioner's answer on this. What would it go back for on remand? If we don't agree, if we ‑‑ I don't know what would be left. Well, does it go back for the discretionary decision to grant asylum? Does it go back for determination also of past persecution? Does it go back for withholding of removal if discretion isn't exercised to grant asylum? What does it go back for? As I tried to say, those are not here for one reason or another. They weren't briefed or they weren't taken to the BIA. If they weren't taken to the BIA, of course, then there's ‑‑ All right. So if we don't agree with your position, if we think that the record compels otherwise, that they do face harm and that the government hasn't established that they don't and it compels otherwise, so you remand it for what, the discretionary exercise, for the exercise of discretion regarding asylum? Right. I mean, we don't grant asylum here. I understand, but if you disagree with me, then yes, that would be available. So that's what the remand is for? If you disagree that they are not here, if you say they are here ‑‑ Then those go back, too? If you disagree. If you say they are here, then yes. Okay. But our position, they're not here. Okay. In summary, the record does not compel a conclusion that the relocation was not successful Thank you. Thank you. All right. Thank you, counsel. G versus Holder will be submitted.
judges: Canby, Wardlaw, Callahan